NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLUE FOUNDRY BANK (f/k/a Boiling Springs Savings Bank),<br><br>Plaintiff,<br><br>v.<br><br>CHRYSSOULA ARSENIS, SPYRIDON ARSENIS, GEORGE ARSENIS, THOMAS S. PETERS, ANDREW E. HALL & SON, INC., UNITED STATES OF AMERICA, JPMORGAN CHASE BANK NA, and STATE OF NEW JERSEY,<br><br>Defendants. | Civil Action No. 23-23419 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Remand and for Fees and Costs ("Motion to Remand") filed by Plaintiff Blue Foundry Bank f/k/a Boiling Springs Savings Bank ("Plaintiff"), (ECF No. 4 ("MTR")), as well as numerous motions filed by *pro se* Defendants Chryssoula Arsenis, George Arsenis, and Spyridon Arsenis (the "Arsenis Defendants"), (ECF Nos. 13, 14, 16 17, 20, and 21). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**, and the Arsenis Defendants' pending motions are **DENIED** as moot.

I.  **BACKGROUND** [1]

Plaintiff initiated this action in 2022 in the Superior Court of New Jersey, Chancery Division, Somerset County. (Supp., Ex. 2, State Court Complaint ("St. Ct. Compl.").) Plaintiff alleged that on or about August 28, 2013, Plaintiff made a mortgage loan to the Arsenis Defendants in the original principal amount of $4,073,555.00 (the "Loan"). (*Id.* ¶ 11.) The Arsenis Defendants also executed an Adjustable Rate Note dated August 28, 2013 in the original principal amount of $4,073,555.00 (the "Note"). (*Id.* ¶ 12.) To secure the performance of the Loan and repayment of the Note, the Arsenis Defendants executed and delivered a mortgage also dated August 28, 2013 (the "Mortgage"), which encumbered the real property designated as Block 16, Lots 5 and 6.01 on the Tax Map of the Borough of Bernardsville, Somerset County, New Jersey, more commonly known as 380 Claremont Road, Bernardsville, New Jersey 07924 (the "Mortgaged Property"). (*Id.* ¶ 13.) The Note and Mortgage are referred to together as the "Loan Documents." (*Id.*)

Pursuant to Loan Documents, the Arsenis Defendants were obligated, among other things, to make monthly payments to Plaintiff, including payments toward the principal amount, monthly escrow payments for the payment of real estate taxes, late fees, and interest. (*Id.* ¶¶ 15–17.) Since October 1, 2020, the Arsenis Defendants have failed to make the required payments due under the Loan Documents. (*Id.* ¶ 18.) As a result, Plaintiff declared the Arsenis Defendants in default and the entire amount due and owing. (*Id.* ¶ 21.) As of September 26, 2022, the amount due and owing included the principal sum of $3,493,771.50, plus unpaid interest accruing at a rate of 3.875% per annum, taxes, late fees, and other costs and fees. (*Id.* ¶ 24.)

---

[1] The facts set forth in this Memorandum Opinion are taken from the Arsenis Defendants' "Supplement" to their Notice of Removal, (ECF No. 2, Supplement to Notice of Removal ("Supp.")), as well as filings from the underlying Superior Court action submitted as part of Plaintiff's Motion to Remand, (ECF No. 4-2, Steinfield Certification ISO Plaintiff's MTR (Steinfield Cert.)).

On September 26, 2022, Plaintiff filed this action for foreclosure and possession in the Chancery Division of Somerset County. Plaintiff joined a number of other defendants: (1) Defendant Thomas S. Peters (Peters) by virtue of a Mortgage from the Arsenis Defendants to Peters dated August 28, 2013; (2) Andrew E. Hall & Son, Inc. by virtue of a Notice of Unpaid Balance and Right to File Lien filed against George Arsenis on October 7, 2015 and a Construction Lien Claim filed against George Arsenis on November 30, 2015; (3) Defendant United States of America by virtue of a Notice of Federal Tax Lien recorded on September 4, 2019; (4) Defendant JPMorgan Chase Bank NA ("JPMorgan") by virtue of a judgment entered in the Superior Court of New Jersey, Law Division on June 15, 2016 in favor of JPMorgan against the Arsenis Defendants; and (5) Defendant State of New Jersey by virtue of a judgment entered in favor of the State of New Jersey, Division of Taxation against Chryssoula Arsenis docketed on May 3, 2018. (*Id.* ¶¶ 27–31.)

On November 9, 2022, the Arsenis Defendants filed an Answer, Affirmative Defenses, Counterclaims, and Jury Demand. (Steinfield Cert., Ex. B.) On November 3, 2022 and December 8, 2022, Defendants JPMorgan and Peters filed "Non-Contesting Answers" to Plaintiff's Complaint. (*Id.*, Exs. C, D.) On February 3, 2023, the Superior Court granted summary judgment for Plaintiff, struck the Answer filed by the Arsenis Defendants, dismissed the Arsenis Defendants' Counterclaim with prejudice, and referred this matter to the Office of Foreclosure of the Superior Court of New Jersey to proceed as an uncontested matter. (*Id.*, Ex. F.) On December 15, 2023, the Superior Court denied George Arsenis's "Motion to Dismiss" Defendant Andrew E. Hall & Son, Inc. as a defendant. (*Id.*, Ex. I.) On December 19, 2023, George Arsenis filed a motion "for an Order compelling Plaintiff Blue Foundry Bank to provide a disclosure statement regarding the

quantum of damages" owed to Plaintiff and to provide the appraisal conducted in connection with the foreclosure action. (*Id.*, Ex. J.)

Thereafter, on December 28, 2023, the Arsenis Defendants filed a Notice of Removal with this Court, (ECF No. 1), and on January 4, 2024, the Arsenis Defendants filed a "Supplement" to their Notice of Removal, (Supp.).[2] On January 26, 2024, Plaintiff filed the Motion to Remand now pending before the Court. (MTR.) Plaintiff argues that this case should be remanded for four (4) reasons: (1) this Court lacks subject matter jurisdiction over this action; (2) the Arsenis Defendants failed to obtain the consent of the other defendants as required by the removal statute; (3) removal is barred by the "forum defendant rule"; and (4) the Arsenis Defendants' removal was untimely. (*Id.* at 2.)

On January 29, 2024, the Arsenis Defendants filed a letter requesting "clarity regarding the status of the motion to remand," (ECF No. 10), and a letter requesting an extension of time to answer Plaintiff's Motion to Remand, (ECF No. 11.) On February 1, 2024, the Court issued a text order explaining that the Arsenis Defendants' opposition to the Motion to Remand was due on February 6, 2024, but that the Court would extend the due date for the opposition to February 20 2024. (ECF No. 12.) Thereafter, the Arsenis Defendants proceeded to file the following motions: "Motion [] Pursuant to Fraud on the Court Committed by Blue Foundry Bank," (ECF No. 13),

---

[2] This Court notes that Chryssoula Arsenis twice attempted to remove a separate foreclosure action brought by M&T Bank s/b/m Hudson City Savings Bank pertaining to a different property located in Warren, New Jersey wherein Arsenis defaulted on a mortgage loan by failing to make requisite payments. Arsenis removed the state court foreclosure action, and M&T Bank filed a motion to remand. (*See M&T Bank v. Chryssoula Arsenis, et al.*, Case No. 23-1609 (D.N.J.), ECF Nos. 1, 8.) On July 17, 2023, the Honorable Michael A. Shipp granted M&T Bank's Motion to Remand on the basis that the Court did not have subject matter jurisdiction over a foreclosure action. (*Id.*, ECF No. 13.) Arsenis appealed Judge Shipp's decision to the Third Circuit, which summarily affirmed the decision and awarded costs against Arsenis. (*Id.*, ECF. No. 23.) On September 21, 2023, Arsenis attempted to remove the same foreclosure action for a second time. (*See M&T Bank v. Arsenis, et al.*, Case No. 23-20637 (D.N.J.), ECF No. 1.) Judge Shipp again granted M&T Bank's Motion to Remand and warned Arsenis that any further attempts to remove the action "absent a clear and obvious jurisdictional basis will be denied." (*Id.*, ECF No. 11.)

4

"Motion Pursuant to Failure to Provide Quantum of Damages and Withholding the Appraisal of the Property," (ECF No. 14), "Motion For Removal After the Initial Pleading and to Strike Plaintiff's Opposition," (ECF No. 16), "Motion to Strike Spyridon Arseni[s's] Cu[rr]iculum Vitae from Further Public Exposure," (ECF No. 17), "Cross Motion to Dismiss the Foreclosure Action," (ECF No. 20), and "Motion [] to Strike," (ECF No. 21). The "Cross Motion to Dismiss the Foreclosure Action" contains the Arsenis Defendants' Opposition to Plaintiff's Motion to Remand. (ECF No. 20.) On February 26, 2024, Plaintiff filed a Reply brief in support of its Motion. (ECF No. 22.) The Court now turns to the pending motions.

## II. LEGAL STANDARD

A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts shall have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," (also known as federal question jurisdiction), and "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . .," (also known as diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a).

After removal, a plaintiff may move to remand the case if the removal was defective or the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The party that removed the case bears the burden of establishing jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (citation omitted).

## III. DISCUSSION

The basis for removal articulated in the Arsenis Defendants' Notice of Removal is difficult to discern. They seem to contend that the Court's subject matter jurisdiction is based both on federal question and diversity jurisdiction. (*See* ECF No. 1 at *6 ("This court has diversity jurisdiction over the federal claims to 28 U.S.C. [§§] 1332 [and] 1338; 28 U.S.C. § 2201[,] [and] 28 U.S.C. § 1652.").) Given the Arsenis Defendants' *pro se* status, the Court will consider both bases for jurisdiction.[3] The Court finds both without merit.

### A. LACK OF SUBJECT MATTER JURISDICTION

First, the Court lacks federal question jurisdiction. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). In this case, Plaintiff's foreclosure complaint relies exclusively on state law claims. *See Bank of NY Mellon Corp. v. Fischer*, No. 15-1465, 2015 WL 4569077, at *2 (D.N.J. July 28, 2015) (finding removal improper because no federal question appears on the face of a mortgage foreclosure complaint); *MTAG Cust Alterna Funding II, LLC v. Ferguson*, No. 18-13625, 2019 WL 5678336, at *1 (D.N.J. July 3, 2019) (finding no basis for federal question jurisdiction when the underlying action is a state-law mortgage foreclosure).

The Arsenis Defendants seem to argue that this case presents a federal question because, by declaring them in default on their mortgage loan, Plaintiff violated the federal Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), making the underlying foreclosure action improper. (Supp. at *1.) The Arsenis Defendants contend that Plaintiff "fail[ed] to disclose its

---

[3] The Court notes that it appears that Defendant Spyridon Arsenis is an attorney licensed to practice law in New York and New Jersey and is a partner at a law firm. (Steinfield Cert., Ex. N.) Nonetheless, in an abundance of caution, the Court will treat the Arsenis Defendants as though they are *pro se*.

6

federal status during the COVID-19 pandemic, particularly concerning its misrepresentation of being a state bank to avoid compliance with federal regulations such as the CARES Act." (ECF No. 20 at 2.) The Court is not persuaded.

"[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citation omitted). Thus, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* This principle is referred to as the well-pleaded complaint rule. *See Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n. of Phila.*, 657 F.2d 29, 33 (3d Cir. 1981) (citation omitted) ("The federal question must appear on the face of a well-pleaded complaint."); *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 401–02 (D.N.J. 2015) ("Plaintiff's Complaint relies exclusively upon state law, and therefore provides no basis for federal question jurisdiction . . . Nor can Defendants create federal jurisdiction by asserting federal defenses and/or counterclaims to Plaintiff's state law foreclosure Complaint.").

To the extent that the Arsenis Defendants attempt to raise a defense to Plaintiff's foreclosure action based on the CARES Act, this argument fails. Indeed, Chryssoula Arsenis made this same argument when she attempted to remove a separate state court foreclosure action in *M&T Bank v. Chryssoula Arsenis, et al.*, Case No. 23-1609 (D.N.J.), (ECF No. 13 at 3–4 ("Defendant asserts that there is a federal question because her answer raises affirmative defenses based on the federal [CARES Act]"))), and Judge Shipp rejected it, (*id.* (explaining that anticipated federal defenses do not provide a basis for removal (citing *Beneficial Nat'l Bank*, 539 U.S. at 6))).

Plaintiff's underlying foreclosure complaint does not allege a federal claim. Accordingly, the Court finds there is no federal question jurisdiction in this case.

The Court next considers whether it may exercise jurisdiction based upon diversity of citizenship. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

Plaintiff's principal place of business is located at 19 Park Avenue, Rutherford, New Jersey 07070—Plaintiff is therefore a citizen of New Jersey. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); (*see also* Supp., Ex. 4, United States Securities and Exchange Commission, Form 10-K, at *1.) The Arsenis Defendants admit that they are also citizens of New Jersey. (ECF No. 1 at *4 ("Defendants Arsenis, G. Arsenis S. Arsenis C. are individuals with legal residence in the state of New Jersey."); Supp. at *4 ("The undersigned Arsenis, G. Arsenis S. Arsenis C. hereby declare that their domicile is in the State of New Jersey and that they intend to permanently continue and maintain their domicile in such a state. At the time of making this declaration they are bone fide residents of the State of New Jersey."). Accordingly, there is no diversity of citizenship in this case.[4]

Moreover, even if there were diversity in this case, under 28 U.S.C. § 1441(b)(2), an action otherwise removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action

---

[4] The Arsenis Defendants argue that, because Plaintiff's parent company is incorporated in Delaware, Plaintiff is a citizen of Delaware. (ECF No. 1 at 4–5.) Even if Plaintiff's citizenship was based on that of its parent company, as noted above, a corporation is a citizen of every state in which it is incorporated *and* every state in which it has its principal place of business. The principal executive office listed for Plaintiff's parent company is the address in Rutherford, New Jersey, making it a citizen of New Jersey. (Supp., Ex. 4, United States Securities and Exchange Commission, Form 10-K, at *1.)

is brought." *See also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). As noted above, the Arsenis Defendants admit that they are citizens of New Jersey. (ECF No. 1 at *4; Supp. at *4.) Therefore, this case is not removable for the additional reason that the Arsenis Defendants are citizens of the forum state.[5]

**B.   ASSESSMENT OF FEES AND COSTS**

In remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Awarding fees is "left to the court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). The general test is whether the removing party had an "objectively reasonable" reason to seek removal, but the Court's discretion allows departing from this standard under "unusual circumstances." *Id.* at 140–41. The objective reasonableness standard balances two statutory goals: "deterr[ing] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Against this backdrop, courts award costs and fees "where the complaint clearly does not state a claim removable to federal court . . . or where

---

[5] Finally, the removal is also procedurally defective. 28 U.S.C. § 1444(b)(1) provides that a notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Here, the Arsenis Defendants admit that they were served with a summons and complaint in the underlying foreclosure action on October 6, 2022. (ECF No. 1 at *4.) They nonetheless attempted to remove this action over a year after they were served and after the Superior Court had entered summary judgment in favor of Plaintiff, struck their Answer, dismissed their Counterclaim with prejudice, and referred this matter to the Office of Foreclosure, making the Arsenis Defendants' removal well out of time. Moreover, there is no evidence that the Arsenis Defendants obtained the consent of the other Defendants to removal of this action, nor did the other Defendants join in this removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Removal is improper for this additional reason.

minimal research would have revealed the impropriety of removal." *Newton v. Tavani*, 962 F. Supp. 45, 48 (D.N.J. 1997) (citations omitted).

The Court finds the assessment of attorney's fees and costs to be appropriate in this case. The Arsenis Defendants had no objectively reasonable basis to seek removal of this case. Plaintiff's foreclosure complaint clearly does not state claim that is removable to federal court, and even minimal research would have revealed that removal was improper in this case. This is especially true because Chryssoula Arsenis twice attempted to remove this exact kind of action and was unsuccessful. She made the same arguments that the Arsenis Defendants now make in this case and was rejected by Judge Shipp, whose decision was affirmed by the Third Circuit, and she was warned against attempting to again remove a state court foreclosure action "absent a clear and obvious jurisdictional basis." (*M&T Bank v. Arsenis, et al.*, Case No. 23-20637 (D.N.J.), ECF No. 11); *see Gloucester Cnty. Imp. Auth. v. Gallenthin Realty Dev., Inc.*, No. 07-5328, 2008 WL 336784, at *7 (D.N.J. Feb. 5, 2008) (assessing fees and costs for improper removal of a state court action involving municipal condemnation of the defendant's property where the defendant had, in a previous case, unsuccessfully attempted to remove the same kind of action: "[I]n light of the recent dismissal of [the defendant's] action . . . for comparable jurisdictional shortcomings—and the affirmance of that decision by the court of appeals—[the defendant's] arguments regarding the reasonable basis for its removal notice in this case are especially unconvincing").

The Court is cognizant of the Arsenis Defendants' *pro se* status and recognizes that courts generally grant *pro se* litigants more latitude than parties represented by counsel. However, the imposition of costs and fees under 28 U.S.C. § 1447(c) are nonetheless warranted in this case. First, as noted above, it appears that Spyridon Arsenis is an attorney. (Steinfield Cert., Ex. N.) Second, the Arsenis Defendants should have been well-aware of the removal standard, having

twice been instructed by Judge Shipp that a foreclosure action does not provide a basis for subject matter jurisdiction in federal court. *Cf. Fed. Nat'l Mortg. Ass'n v. Allen*, No. 23-483, 2013 WL 5146201, at *6 (W.D. Pa. Sept. 13, 2013) ("Although it appears that [the defendant] lacked an objectively reasonable basis for removing this action to federal court, she is proceeding *pro se*, and [the plaintiff] has not provided any argument or supporting documentation to show that [the defendant] was aware of this standard."). Third, it appears that the Arsenis Defendants' removal of this case—after litigating it unsuccessfully for over a year in state court—is designed "to delay or otherwise inhibit [Plaintiff's] capacity to access the [Mortgaged] Property." *Gloucester Cnty. Imp. Auth.*, 2008 WL 336784, at *7; *see also Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006) (awarding fees and costs against *pro se* defendants where the court was "well aware of Defendants' pattern of delay").

Indeed, after removing this case, the Arsenis Defendants filed a slew of "motions" that are difficult to decipher but appear calculated to delay and obstruct. (*See* ECF Nos. 13, 14, 16, 17, 20, and 21.) The Court finds that the Arsenis Defendants have acted in bad faith in removing this case in order to delay foreclosure of their property. *See also HSBC Bank USA, N.A. v. Ruffolo*, No. 15-2891, 2015 WL 9460560, at *4 (D.N.J. Dec. 23, 2015) (awarding fees and costs against *pro se* defendants where the defendants had engaged in discovery and motion practice in state court foreclosure action and the Court found the defendants acted in bad faith to prolong the foreclosure action by filing an untimely notice of removal); *see Hammer v. Scott*, 137 F. App'x 472, 475 (3d Cir. 2005) ("A showing of bad faith is not a prerequisite for an award of fees under 28 U.S.C. § 1447(c), although it may be a consideration."). Accordingly, pursuant to 28 U.S.C. § 1447(c), the Arsenis Defendants shall pay Plaintiff "costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, (ECF No. 4), is **GRANTED**, and this matter is **REMANDED** to New Jersey Superior Court, Chancery Division, Somerset County. Plaintiff is **ORDERED** to submit an affidavit setting forth the attorney's fees and costs incurred as a result of the Arsenis Defendants' removal on this action. Defendants' pending motions, (ECF Nos. 13, 14, 16, 17, 20, and 21), are **DENIED** as moot. An appropriate Order accompanies this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: April 8, 2024