NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLUE FOUNDRY BANK (f/k/a Boiling Springs Savings Bank),<br><br>Plaintiff,<br><br>v.<br><br>CHRYSSOULA ARSENIS, SPYRIDON ARSENIS, GEORGE ARSENIS, THOMAS S. PETERS, ANDREW E. HALL & SON, INC., UNITED STATES OF AMERICA, JPMORGAN CHASE BANK NA, and STATE OF NEW JERSEY,<br><br>Defendants. | Civil Action No. 23-23419 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon a Motion to Stay the Enforcement of Attorney's Fees Pending Appeal, ("MTS," ECF No. 38), filed by *pro se* Defendants Chryssoula Arsenis and George Arsenis (the "Arsenis Defendants").[1] Blue Foundry Bank f/k/a Boiling Springs Savings Bank ("Plaintiff") filed a Memorandum in Opposition, ("Opp.," ECF No. 39), and the Arsenis Defendants replied, ("Rep.," ECF No. 40). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown,

**IT IS** on the 17th day of October, 2024, **ORDERED** as follows:

1. The Arsenis Defendants' Motion to Stay is **DENIED**. On August 30, 2024, this Court entered an Order awarding Plaintiff attorney's fees and costs totaling $33,890.79 pursuant

---

[1] It is unclear if the motion is also brought by Spyridon Arsenis, though it is ultimately of no matter to the disposition of the motion.

to 28 U.S.C. § 1447(c). (ECF No. 37.) To date, the Arsenis Defendants have not filed a Notice of Appeal of the Court's August 30, 2024 Order. While Plaintiff raised this issue in its Opposition, (*see* Opp. at 5), the Arsenis Defendants failed to address this glaring issue in their own briefing.[2] Therefore, because no appeal is pending, "there was no basis in law for Plaintiff to file a motion to stay." *Lane v. New Jersey*, No. 16-8948, 2019 WL 7184555, at *2 (D.N.J. Dec. 26, 2019). Consequently, the Court denies the Arsenis Defendants' Motion to Stay. *See, e.g., Adesanya v. Novartis Pharms. Corp.*, No. 13-5564, 2017 WL 2443060, at *12 (D.N.J. June 5, 2017) ("Since no appeal is pending, the motion to stay this matter is moot and will be dismissed accordingly"); *Lusick v. Kullar*, No. 05-1274, 2007 WL 1490696, at *2 (M.D. Pa. May 21, 2007) ("[S]ince there is no appeal pending, Plaintiff's request for relief . . . will be denied").[3]

2. The Clerk of Court is directed to **TERMINATE** the Motion pending at ECF No. 38.

                                                                              **ROBERT KIRSCH**
                                                                              **UNITED STATES DISTRICT JUDGE**

---

[2] The Arsenis Defendants repeatedly refer in their briefing to a pending appeal. (*See, e.g.*, MTS at 3 (stating the Arsenis Defendants "have filed a timely notice of appeal"), Rep. at 2 (arguing the Court's Order should be stayed "pending the outcome of the appeal"). However, the Arsenis Defendants never filed a Notice of Appeal of the Court's August 30, 2024 Order. The only Notice of Appeal on the docket is from the Arsenis Defendants' prior appeal of a separate Court Order, (ECF No. 30), that was dismissed by the Third Circuit for lack of appellate jurisdiction, (ECF No. 35).

[3] The Court also notes that in reviewing a motion to stay pending appeal, the Court considers "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, the likelihood the Arsenis Defendants succeed on the merits is hampered by the fact that it appears that any appeal to the Third Circuit of the Court's August 30, 2024 Order would now likely be untimely. *See* Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from"); *e.g.*, *U.S. Sec. & Exch. Comm'n v. e-Smart Techs., Inc.*, No. 11-895, 2016 WL 11004762, at *1 (D.D.C. Oct. 24, 2016) (denying motion to stay in part where "Defendants will not likely succeed in their appeal" as "almost all of their appeal to the Circuit is untimely").